FILED

August 19 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0627

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 231N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JAMES HENRY LEACHMAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DC 13-0007
                     Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James Henry Leachman, self-represented; Billings, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
            Attorney General; Helena, Montana

            Scott Twito, Yellowstone County Attorney; Rod Souza, Deputy County
            Attorney; Billings, Montana

                          Submitted on Briefs:  July 30, 2014
                                 Decided:  August 19, 2014

Filed:

                         _____
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     James Henry Leachman (Leachman) appeals from the Order of the Thirteenth Judicial District Court, Yellowstone County, affirming the Justice Court's Judgment and Commitment following Leachman's conviction of five counts of animal cruelty in violation of § 45-8-211(1)(c)(iii), MCA.  We affirm.

¶3     In 2010, the Farm Services Administration foreclosed on ranch property owned by Leachman and deeded it to the Stovall family following a sale conducted by the U.S. Marshals Service.  Leachman had previously operated a horse breeding business on this property and other adjacent leased land.  He continued to pasture more than 400 horses there following the sale.  In December 2010, the Yellowstone County Sheriff's Office responded to continuing complaints about neglected horses living on Leachman's former property.  Investigators discovered that five of the horses had suffered severe lower leg injuries due to the placement of overly-tightening, plastic identification bands above the animals' hooves.  These bands cut deeply into the skin, causing serious infections and deformities.  Some of the horses were also malnourished.  Two later died at pasture and two more had to be euthanized.

¶4 The State charged Leachman with five counts of animal cruelty pursuant to § 45-8-211(1)(c)(iii), MCA, and, in the alternative, five counts of abandoning animals pursuant to § 45-8-211(1)(d), MCA. Following trial in Justice Court, a jury convicted Leachman of all five primary counts of animal cruelty. The court sentenced Leachman to five consecutive one-year terms in the Yellowstone County Detention Center, with all but 120 days suspended. Leachman appealed his conviction to the District Court, which affirmed the Justice Court's Judgment and Commitment. Leachman appeals. We likewise affirm.[1]

¶5 Section 45-8-211(1)(c)(iii), MCA, provides:

> A person commits the offense of cruelty to animals if, without justification, the person knowingly or negligently subjects an animal to mistreatment or neglect by . . . failing to provide an animal in the person's *custody* with . . . in cases of immediate, obvious, serious illness or injury, licensed veterinary or other appropriate medical care.

(Emphasis added.) Leachman's sole argument on appeal is that the prosecution failed to "place any evidence into the lower court's record pro[ving] that the allegedly abused horses and the deceased horses were in the custody of the Defendant-Appellant . . . ." He maintains that in the "absence of evidence and absence of proof" the prosecution has not met the requisite burden to sustain a conviction, citing *State v. Cline*, 170 Mont. 520, 527, 555 P.2d 724, 729 (1976).

¶6 We review claims regarding the sufficiency of evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the

---

[1] Leachman was represented by appointed counsel throughout most of the proceedings in Justice Court, but dismissed his counsel prior to sentencing. He determined to proceed *pro se*, representing himself on appeal to the District Court and to this Court.

essential elements of the crime beyond a reasonable doubt." *State v. Kelley*, 2005 MT 200, ¶ 17, 328 Mont. 187, 119 P.3d 67. As the State points out, all five horses forming the basis of the animal cruelty charges were injured by unique plastic leg bands. Leachman himself testified that he attached these leg bands for identification purposes. Montana State Livestock Inspector Travis Elings specifically identified one of the injured horse's brands as being consistent with Leachman's branding practices. Leachman and another witness testified that even after his real property was sold, Leachman continued to enter it in order to manage and maintain the horses. This evidence is wholly sufficient to support the jury's finding that Leachman maintained custody over the horses.[2]

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The jury's verdict in this case is supported by sufficient evidence, such that a rational trier of fact could have found the essential elements of animal cruelty beyond a reasonable doubt.

¶8    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

---

[2] Although not determinative, Leachman filed a motion to dismiss the alternative abandonment charges in Justice Court on the ground that "the State ha[d] not alleged any facts to support a finding that Leachman relinquished his right to the horses." Therein, Leachman described the horses as his "personal property."